# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL S. GRANT, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | **Case No. 1:17-cv-00682-DAD-JLT (PC)** <br><br> **ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST HIS ADMINISTRATIVE REMEDIES** <br><br> **(Doc. 12)** <br><br> **21-DAY DEADLINE** |

The Prison Litigation Reform Act of 1995 prohibits any action being brought "with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

In the First Amended Complaint, Plaintiff checked the boxes indicating that administrative remedies are available at the institution and that he submitted a grievance on his claims. (Doc. 12, p. 3.) However, Plaintiff also checked the box that the administrative process

1

was not complete. (*Id.*) In explanation, Plaintiff stated that he "went to second level CDCR administrative grievance system, due to prison officials delaying investigation. Prison officials, would not facilitate a proper resolution immediately. When Plaintiff was in grave danger within their own prison system, other guards and staff did not want to be the 'whistleblower.'" (*Id.*) Plaintiff apparently filed this action rather than wait to address his grievance at all the required levels of the appeals system. However, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo* 548 U.S. 81, 91 (2006). It appears Plaintiff filed suit prematurely without first exhausting available administrative remedies in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. **Plaintiff is warned that failure to timely respond to this order will result in recommendation of dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated:    **March 14, 2018**                    **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE